UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                  **DECISION AND ORDER**
            v.                                                      19-CR-82-A
                                                                         25-CV-1034-A

BILLY HENDERSON,

                                  Defendant.

───────────────────────────────

## INTRODUCTION

Before this Court are two *pro se* motions brought by Petitioner Billy Henderson. The first motion is styled as a "motion to set aside, vacate, or correct," brought pursuant to 28 U.S.C. § 2255. Dkt. 352.[1] The second motion indicates that it is brought pursuant to Rule 20 of the Federal Rules of Criminal Procedure to permit D'Mario Caesar to join Henderson's § 2255 petition. Dkt. 363. For the reasons which follow, both of Henderson's motions are DENIED.

## BACKGROUND

The reader is presumed to be familiar with the procedural history of this case. Briefly, on November 15, 2021, Henderson, while represented by attorney Jeremy Schwartz, Esq.,[2] pleaded guilty, pursuant to a written plea agreement with the

---

[1] References herein, unless otherwise indicated, are to filings contained on the docket in Case # 19-CR-82-A.

[2] Attorney Schwartz was one of no less than five different attorneys to represent Henderson before this Court in this case. Attorney M. Kirk Okay, Esq., was the first attorney assigned to represent Henderson. *See*, 4/18/2019, Docket Entry in Case #19-

1

government, *see*, Dkt. 205, to a one-count Superseding Information charging him with violation of 21 U.S.C.§ 846 (conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of butyryl fentanyl and furanyl fentanyl). While Henderson's plea exposed him to a mandatory minimum term of imprisonment of 10 years, *see*, *id*., at ¶1, as part of the plea agreement, the government agreed not to file an information pursuant to 21 U.S.C. § 851, which would have resulted in Henderson facing a mandatory minimum term of imprisonment of 15 years. Id., ¶2; *see also*, Dkt. 359, p.4, n.1.

Pursuant to the terms of a written plea agreement, Henderson and the Government agreed, at paragraph 13, that the applicable sentencing range, based on an offense level of 30 and a Criminal History Category of IV, was 151 to 188 months of imprisonment. Dkt. 205, ¶ 13.  The plea agreement included an

---

CR-82-A. In January of 2020, attorney Dominic Saraceno, Esq., was retained, filed a notice of appearance, and began to represent Henderson.  Dkt. 47. Following a *Curcio* hearing, at which Henderson was represented by Andrew Brautigam, Esq., as assigned *Curcio* counsel, Henderson refused to waive any potential conflict of interest arising from attorney Saraceno's continued representation of him. *See*, 8/19/2020, Docket Entry in Case #19-CR-82-A.  As a result, a new attorney, Dan Griebel, Esq., was assigned to represent Henderson, *see*, 8/26/2020, Docket Entry in Case #19-CR-82-A, but within a few weeks, attorney Griebel sought to withdraw from the case. Dkt. 96. A new attorney, Michael J. Stachowski, Esq., was thereafter assigned to represent Henderson. 9/18/2020, Docket Entry in Case #19-CR-82-A.  In June of 2021, Henderson, after complaining that his lawyer was ineffective, 6/21/2021, Docket Entry in Case #19-CR-82-A, requested that this Court appoint another lawyer "for the limited purpose of advising how to proceed." 6/28/2021, Docket Entry in Case #19-CR-82-A. The Court granted Henderson's request, and on June 30, 2021, assigned attorney Jeremy Schwartz, Esq., who, excluding *Curcio* counsel, was the firth attorney to represent Henderson. Dkt. 190.  Attorney Schwartz represented Henderson through sentencing.

appeal/collateral attack waiver provision at Paragraph 22 that provided, in pertinent part, as follows:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 13, above, notwithstanding the manner in which the Court determines the sentence.

Id., ¶ 22.  Thus, Henderson waived his right to appeal or collaterally attack a sentence of 188 months or less.  On November 9, 2022, this Court principally sentenced Henderson to a 139-month term of imprisonment. Dkt. 265, 267.

Henderson filed a timely Notice of Appeal on November 21, 2022. Dkt. 269.  New counsel on appeal was appointed, Dkt. 273, and subsequently, such counsel filed, with the Second Circuit Court of Appeals, a motion to be relieved, a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and an Appendix. *See*, 2d Cir. Case #22-2981, Dkt. Entries #61-63.

By mandate issued October 10, 2024, the Second Circuit, dismissed the appeal of Henderson's term of incarceration and supervised release and summarily affirmed the balance of the judgment, except for a suspicionless search supervised release condition imposed by this Court.  The Second Circuit, relying on its then-recent decision in *United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024), remanded the case back to this Court so that this Court either limit the condition to searches premised on reasonable suspicion

3

or conduct an individualized assessment on the record and provide an explanation for why it is imposed a suspicionless search condition. Dkt. 335.

On remand, this Court, on October 15, 2024, modified the judgment by deleting the suspicionless search condition and limiting searches to those premised on reasonable suspicion. Dkt. 336.

On October 10, 2025, Henderson, acting *pro se*, filed a motion styled as a motion to vacate pursuant to 28 U.S.C. § 2255. Dkt. 352. That motion was followed by a second *pro se* motion in which Henderson sought, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, to permit Dmario Caesar to join Henderson's previously filed § 2255 motion. Dkt. 363.

## DISCUSSION

### A. Henderson's Claims

At the outset, this Court observes that Henderson is proceeding *pro se*. Therefore, his submissions must be "liberally construed in his favor," *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), and "read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quotation mark omitted). In his § 2255 motion, Henderson, as best this Court can construe, generally complains about the two of the five attorneys who represented him before this Court. Specifically, the gist of his complaints appear to focus on his complaint: (1) that attorney Saraceno retained unearned legal fees to which he was/is not entitled; and (2) that attorney Schwartz and/or attorney Saraceno was/were ineffective and/or engaged in misconduct. Despite those contentions, however, Henderson § 2255 motion also makes clear that he does <u>not</u> seek to have his

4

sentence vacated or set aside. Dkt. 352, p. 33 ("respectfully I do not seek a vacated or set aside sentence."). Rather, Henderson indicates that "the substance of my claim is civil" and "I seek Summary Judgement [sic] regarding both Mr. Saraceno's and Mr. Schwartz [sic] misconduct." *Id*., p.32.  Henderson, citing Rule 20,  also seeks to "include Mr. [D'Mario] Caesar in this matter" involving his claims of misconduct by Mr. Schwartz and entitlement to a "refund of unearned legal fees" from Mr. Saraceno. *Id*.[3] The record further demonstrates that Henderson, in addition to filing the instant § 2255 motion with this Court, has also filed complaints with the local Bar Association against both attorney Saraceno, *see*, Dkt. 352, pp. 50, 53, as well as attorney Schwartz. *Id*., p. 74.

### B. Analysis

Section 2255 states in pertinent part as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress **claiming the right to be released** upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis supplied). Moreover, collateral relief, such as that sought by Henderson, is available only for a constitutional error "that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*,

---

[3] In fact, Henderson filed a second *pro se* motion exclusively directed at his request to allow Caesar to join in his § 2255 motion. Dkt. 363.

368 U.S. 424, 428 (1962)).  As the Second Circuit has explained, "[t]he reasons for narrowly limiting the relief permitted under § 2255 – a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place – are 'well known and basic to our adversary system of justice.'" *Bokun*, 73 F.3d at 12 (quoting *United States v. Addonizio*, 442 U.S. 178, 184 (1979)).

Here, because neither of Henderson's claims expressly call into question the constitutionality or legality of his sentence, a § 2255 motion does not provide the appropriate vehicle for him to raise them.

With respect to Henderson's claims involving attorney Saraceno's improper retention of certain attorney's fees, the Court's have uniformly held that § 2255 motion do not provide an appropriate platform for such claims. *See*, *United States v. Noorzai*, 953 F. Supp. 2d 499, 513 (S.D.N.Y. 2013) ("a § 2255 motion is not the appropriate mechanism to raise this claim, as such allegations do not call into question the constitutionality or legality of [Petitioner]'s sentence."); *Shaw v. United States*, 371 F.Supp.2d 265, 271 (E.D.N.Y.2005) (Spatt, J.) ("a Section 2255 petition is not the proper forum for a fee dispute."); *Milios v. United States*, No. 3:16CV1051(AWT), 2018 WL 6566338, at *7 (D. Conn. Dec. 3, 2018)(same), *aff'd*, 813 F. App'x 646 (2d Cir. 2020); *see also*, *United States v. Logan*, 845 F. Supp. 2d 499, 510 (E.D.N.Y. 2012) (in considering Petitioner's claim that he was entitled to refund of legal fees he had paid to attorney, Court noted, "a habeas petition is not the proper vehicle through which to obtain this money.").

Henderson's remaining claim, setting forth a litany of actions (or inactions) involving primarily attorney Schwartz (but some of which also involve attorney Saraceno), alleges conduct that was either incorrect, improper, or unethical. Again, viewing such allegations most charitably to Henderson, such claims might broadly be characterized as raising a claim of ineffective assistance of counsel. Yet, even if the Court were to view the claims as asserting such a claim, Henderson's motion explicitly indicates that he does <u>not</u> wish to set aside or vacate his sentence. Dkt. 352, p. 33. For the reasons which follow, Henderson's claim, even if generously construed as alleging ineffective assistance of counsel, must fail.

At the outset, the Court observes that Henderson's reluctance to seek relief from the sentence previously imposed by this Court is understandable since it was below the range contemplated in his plea agreement and below the sentence for which he agreed to waive his right to appeal or collaterally attack his sentence. "It is black letter law that a defendant generally cannot bring a § 2255 petition when, as here, he has waived his right to appeal or collaterally attack his sentence in his plea agreement." *Bonaparte v. United States*, No. 19-CR-862 (VEC), 2023 WL 8643780, at *2 (S.D.N.Y. Dec. 14, 2023). The Second Circuit has held that a waiver of the right to challenge a sentence through an appeal or collateral attack is presumptively enforceable. *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).

Nevertheless, the Court has also recognized that a petitioner may rebut this presumption of enforceability regarding such a waiver by showing that the waiver was not made knowingly, voluntarily, and competently, that the sentence was imposed based on constitutionally impermissible factors, that the government

7

breached the plea agreement, or that the sentencing court failed to enunciate any rationale for the defendant's sentence. *See*, *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Henderson, however, does not allege any of the foregoing as a basis to avoid enforcement of his collateral attack waiver.  Even reading Henderson's allegations most generously as suggesting a claim of ineffective assistance of counsel, the mere assertion of an ineffective assistance of counsel claim is not sufficient to overcome the presumption that his collateral attack waiver is enforceable. *United States v. Monzon*, 359 F.3d 110, 118-119 (2d Cir. 2004) ("We reject the notion that an appeal waiver becomes unenforceable simply because a defendant 'claims' ... ineffective assistance of counsel.").

Indeed, despite his numerous complaints about the actions and performance of his attorneys, Henderson does <u>not</u> allege that his attorney(s) were ineffective in negotiating his plea agreement or that he entered such plea unknowingly or involuntarily. To invalidate any appellate/collateral attack waiver in a plea agreement, the claim of ineffective assistance must relate to the plea process and be meritorious to void an otherwise valid waiver. *See United States v. Jimenez*, 106 F. App'x 92, 93 (2d Cir. 2004). Since none of Henderson's allegations regarding to the performance of his attorneys relate to the plea process, such allegations afford him no arguable basis for relief from his agreement or waiver.

But even assuming *arguendo* that there was some way that Henderson's claims of ineffective assistance could be construed as relating to the plea process and even if Henderson could establish that his counsel's performance fell below an objective standard of reasonableness in light of prevailing profession norms (which

8

he has failed even to allege, much less establish), any such claim of ineffective assistance is in Henderson's case necessarily fails.

The reason it fails because that in order to establish that his counsel was constitutionally ineffective, Henderson must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing profession norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Parisi v. United States*, 529 F.3d 134, 140 (2d Cir. 2008) (internal quotation marks omitted); *see*, *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The fatal flaw in Henderson's §2255 motion is his inability to establish that he was, under *Strickland*'s second prong, prejudiced by Mr. Saraceno's or Mr. Schwartz's representation. In fact, Henderson acknowledges he is satisfied with his sentence of 139 months by stating that he is not seeking to vacate or set aside his sentence. He is not seeking release from custody. By taking such position, Henderson has affirmatively indicated—and conclusively established—that he has suffered no prejudice. Importantly, this Court's sentence was below the recommended range in the plea agreement of 151 to 188 months and much less that the mandatory minimum sentence of 180 months, which the Court would have had to impose if the government had filed an Information pursuant to 21 U.S.C. §851, alleging the defendant's prior conviction. By negotiating a plea that did not involve a conviction for a violation of Title 21, United States Code, Section 858 (manufacturing a controlled substance causing substantial risk of harm to human life), Henderson's attorney(s) reduced his post-plea Guidelines range from 210 to 262 to 151 to 188. With this record and the lack of even a whiff of prejudice to

9

Henderson, he cannot establish that the result of his case would have been different but/for the conduct of his attorney or attorneys. *See Feliz v. United States*, 01 Civ. 5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002) ("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial."); *see also*, *Moore v. United States*, 16 CR 167, 2022 WL 2306910 (S.D.N.Y. June 27, 2022) (benefit of a plea agreement allowing petitioner to plead guilty to a lesser included offense that avoided a ten-year mandatory minimum, in light of the absence of facts to show that petitioner would have been acquitted, undermines petitioner's claims that he would not have accepted the plea had counsel advised him differently); *Urena v. New York*, 160 F. Supp. 2d 606, 611 (S.D.N.Y. 2001) (denying petitioner's claim of ineffective assistance of counsel where counsel had secured a plea agreement involving "fewer than all the counts in the indictment and for less than the maximum sentence to which the petitioner was exposed.").

In the end, by expressly acknowledging that he is not seeking a different result, Henderson's own § 2255 motion confirms that he suffered no prejudice, *see*, Dkt. 352, p. 33, and therefore, his § 2255 motion must be **DENIED**. Having concluded that his § 2255 motion lacks merit, this Court further concludes that Henderson's subsequent motion, Dkt. 363, seeking permission to permit another to join in his meritless § 2255 motion, must also be **DENIED**.

**CONCLUSION**

For the foregoing reasons, Henderson's § 2255 motion (Dkt. 352) and joinder motion (Dkt. 363) are **DENIED**. No certificate of appealability shall issue because Henderson has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.").

**IT IS SO ORDERED.**

      *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: February 23, 2026